<u>NOT FOR PUBLICATION</u>

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| | : | |
| John Coffey, | : | |
| | : | Civil Action No. 15-231(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| Federal Bureau of Prisons, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BUMB**, District Judge:

This matter comes before the Court upon transfer of this

<u>Bivens</u> action from the United States District Court, District of

Columbia.  (Compl., Doc. No. 1); (Order on Mot. to Transfer

Case, Doc. No. 4.)  The case was transferred because the

complaint contains a claim under the Federal Tort Claims Act,

and the proper venue for such a claim is where the alleged

inadequate medical care occurred, in this case, New Jersey.

(<u>Id.</u>; <u>and</u> <u>see</u> Compl.)  The transferring court did not determine

whether Plaintiff should be allowed to proceed without

prepayment of filing fees.  (<u>Id.</u>)

The Clerk will not file a civil complaint unless the person

seeking relief pays the entire applicable filing fee in advance

or the person applies for and is granted <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915.  <u>See</u> Local Rule 5.1(f).[1]  If a prisoner seeks permission to file a civil rights complaint with IFP status, the statute requires him to file an affidavit of poverty and a certified copy of his/her prison account statements for the six-month period preceding the filing of the complaint.  28 U.S.C. § 1915(a)(1) and (2).

Here, Plaintiff did not fully comply with the statutory requirements of § 1915(a)(2), because the information he provided about his prison trust account was not a certified copy of his statements for the six months preceding the filing of his complaint.  (Doc. Nos. 2, 3.)  The Court will deny Plaintiff's IFP application without prejudice, and allow Plaintiff to cure the deficiency by filing a properly completed "Prisoner Applying To Proceed In Forma Pauperis In A Civil Rights Case" form.

In the event Plaintiff cures the deficiency in his IFP application, 28 U.S.C. § 1915(e)(2) requires the Court to review the complaint and dismiss the case if it finds that the action is:  (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

---

[1] The entire fee to be paid in advance of filing a civil complaint is $400, including a filing fee of $350 plus an administrative fee of $50.  A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350, paid in installment payments, and will not be responsible for the $50 administrative fee.

against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to have his filing fee returned.

The present complaint is deficient is several respects.  If Plaintiff chooses to submit a new complaint with his properly completed IFP application, he may wish to correct these deficiencies to avoid summary dismissal of certain of his claims under § 1915(e)(2)(B) and 42 U.S.C. § 1997e.

## I.   BACKGROUND

Plaintiff names as Defendants the Federal Bureau of Prisons ("BOP"); Dr. Ruben B. Morales, Clinical Director at FCI-Fairton; M. Angud, M.L.P.[2] at FCI-Fairton; D. Basada, M.L.P. at FCI-Fairton; J.T. Shartle, Warden at FCI-Fairton; J.L. Norwood, Regional Director, Northeast Region, BOP; and Harrell Watts, Administrator, Central Office, BOP.  Plaintiff alleges jurisdiction based on an Eighth Amendment constitutional claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and he brings a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346 et seq.  Plaintiff also asserts an equal protection claim, alleging that another inmate was provided a prosthetic eye, and Plaintiff was denied

---

[2] The Court assumes that M.L.P. stands for mid-level practitioner, which presumably is something less than a medical doctor.

the same.  (Compl., ¶17(h)).  Plaintiff also alleges other prisoners were provided chronic care and a special mattress topper for back pain, and he was denied the same.  (Compl., 17(m-o.)  Plaintiff alleges he brought this suit after denial of his administrative remedy requests.  (Compl., ¶¶ 11-14.)

Plaintiff alleged the following facts in support of his claims.  Plaintiff was assaulted in 1989, and his retina was damaged and became detached, requiring surgery in 1991.  (Compl. ¶ 17(a)(b)).  In 2012, Plaintiff was in pretrial custody, and his damaged right eye had to be surgically removed.  (Id., ¶ 17(c)).  A temporary plastic spacer was placed in his empty eye socket until a prosthetic eye could be made.  (Id., ¶ 17(d)). The Warden at FCI-Fairton, the BOP Northeast Regional Director, and the Central Office Administrator initially promised plaintiff a prosthetic eye but then denied his request.  (Id., ¶17(e)).  Defendants ignored Plaintiff's pleas for a prosthetic eye despite his complaints of watery eyes and discomfort.  (Id., ¶17(f)).  Atrophy has set in to Plaintiff's right eye socket, causing it to shrink and lose its form.  (Id., ¶17(g)).

Plaintiff also asserted a claim based on inadequate treatment for arthritis in his back, which he alleges worsened because Defendants were deliberately indifferent to his severe back pain, and he may now require surgery.  (Id., ¶17(i)).  When Plaintiff was imprisoned in facilities in Maryland, to alleviate

his back pain, he was prescribed a foam egg-crate mattress topper by medical staff.  (Id., ¶17(k)).  When Plaintiff was transferred to prison in Fairton, New Jersey, he was denied a foam egg-crate mattress topper because he was not bed-ridden. (Id., ¶17(l)).

Finally, Plaintiff alleges an equal protection claim based on failure to provide him with a prosthetic eye, a mattress topper, and chronic care for back pain, alleging that others who were similarly situated were provided such treatment.  (Id., ¶17(h), (o)).

## II.  DISCUSSION

### A.  Equal Protection Claim

The present complaint is insufficient to state a claim for violation of the constitutional guarantee of equal protection[3] because Plaintiff has not alleged that he was treated differently from similarly-situated prisoners *because he was a member of a suspect class*.  See McCleskey v. Kemp, 481 U.S. 279 (1987)(emphasis added)(to prevail on an equal protection claim, the plaintiff must prove the decision-makers acted with discriminatory purpose).  Plaintiff may wish to cure this

---

[3] The Fifth Amendment does not contain an equal protection clause, but the Supreme Court has construed the Fifth Amendment as containing an equal protection guarantee and applies the same principles to such claims as those arising under the Fourteenth Amendment.  Abdul-Akbar v. McKelvie, 239 F.3d 307, 316-17 (3d Cir. 2001).

deficiency in a new complaint, if he can allege facts supporting such a claim.

**B.    Sovereign Immunity from liability under _Bivens_.**

The Federal Bureau of Prisons is immune, under the doctrine of sovereign immunity, to a _Bivens_ claim.  _Perez-Barron v. U.S._, 480 F. App'x. 688, 691 (3d Cir. 2012)(citing _FDIC v. Meyer_, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); _Chinchello v. Fenton_, 805 F.2d 126, 130 n. 4 (3d Cir.1986)).  If Plaintiff files a new complaint, he may wish to remove the BOP as a defendant to the _Bivens_ claim.

**B.    Personal Involvement of Defendants in a Constitutional Violation**

To state an inadequate medical care claim under the Eighth Amendment's proscription against cruel and unusual punishment, an inmate must allege facts showing that each defendant's conduct constituted "unnecessary and wanton infliction of pain" or that each defendant was deliberately indifferent to the inmate's serious medical needs.  _Estelle v. Gamble_, 429 U.S. 97, 104 (1976).  "A medical need is "serious," in satisfaction of the second prong of the _Estelle_ test, if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  _Monmouth County Corr. Inst. Inmates v. Lanzaro_, 834 F.2d 326, 347 (3d Cir.

1987)(quoting <u>Pace v. Fauver</u>, 479 F.Supp. 456, 458 (D.N.J. 1979), aff'd, 649 F.3d 860 (3d Cir. 1981)).  Denial of or delay in treatment that causes unnecessary or wanton infliction of pain may also constitute a serious medical need.  <u>Id.</u> (citing <u>Estelle</u>, 429 U.S. at 103).  "In addition, where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious."  <u>Id.</u> (citations omitted); <u>Andrews v. Camden County</u>, 95 F.Supp.2d 217, 227 (D.N.J. 2000)(same); <u>Price v. Corr. Med. Serv.</u>, 493 F.Supp.2d 740, 745 (D.Del. 2007)(same).  Negligence does not rise to the level of a constitutional violation.  <u>Estelle</u>, 429 U.S. at 106.

In the present Complaint, petitioner has not alleged that *any particular prison doctor or prison medical staff* evaluated him, mistreated him or denied him treatment.  For instance, Plaintiff sued Dr. Ruben Morales, the Clinical Director at FCI-Fairton, M. Angud, M.L.P., and D. Basada, M.L.P. without specifically describing how each Defendant was personally involved in his medical treatment.  The present complaint is deficient in this respect.

### C.   Respondeat Superior Liability Under <u>Bivens</u>

A non-physician defendant is not deliberately indifferent to an inmate's serious medical need if the inmate is being treated by a prison doctor, unless the non-physician has reason to believe the inmate is being mistreated or not treated.

7

Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).  There is
no respondeat superior liability under Bivens for a
constitutional violation.  Bistrian v. Levi, 696 F.3d 352, 366
(3d Cir. 2012).  "Because vicarious liability is inapplicable to
Bivens and § 1983 suits, a plaintiff must plead that each
Government-official defendant, through the official's own
individual actions, has violated the Constitution."  Id.
(quoting Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).

    Petitioner clearly relies on a theory of respondeat
superior liability for at least some his claims, because he
alleges:

> As a result of the fault of the defendants,
> by and through their agents, servants and
> employees, acting within the scope of their
> employment, plaintiff suffered irreparable,
> and debilitating injuries to his right eye
> socket from atrophy, and to his back from
> degenerative Anterior Osteophytes
> (Arthritis).

(Compl., ¶ 16.)  The complaint is deficient in this respect.

### D.   Supervisory Liability Under Bivens

    A prisoner is not precluded from bringing a claim for
supervisory liability by a prison official, but he must allege
sufficient facts to state a claim.  See Barkes v. First Corr.
Med. Inc., 766 F.3d 307, 320 (3d Cir. 2014).  To state a claim
for supervisory liability of a prison official for inadequate
medical care, a plaintiff must plead facts establishing that the

prison official, "by virtue of his or her own deliberate indifference to known deficiencies in a government policy or procedure, has allowed to develop an environment in which there is an unreasonable risk that a constitutional injury will occur, and that such an injury does occur."  Barkes v. First Corr. Med. Inc., 766 F.3d 307, 320 (3d Cir. 2014).  Conclusory allegations are insufficient to state a claim upon which relief may be granted.  See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009); (2009)(conclusory nature of allegations "disentitled them" to the presumption of truth on motion to dismiss); Ruiz v. Federal Bureau of Prisons, 481 F. App'x 738 (3d Cir. 2012)("while Ruiz's claim against BOP Director Lappin could have proceeded if properly pled, he did not allege in any of his complaints that Director Lappin had any personal involvement in the denial of his medical care, and a *Bivens* claim cannot be premised upon a theory of respondeat superior.")

Defendants Shartle, Norwood and Watts are non-physician prison officials.  As such, they are not liable for constitutional violations of employees under a theory of respondeat superior.  To state a Bivens claim against these defendants, Plaintiff must allege facts indicating supervisory liability, as described in Barkes, 766 F.3d at 320.  Plaintiff has not done so, and may wish to include such facts, if they exist, in a new complaint.

**IT IS** therefore, on this **11th** day of **March 2015**,

**ORDERED** that Plaintiff's application seeking to proceed in forma pauperis in this matter, Doc. Nos. 2, 3, is denied.  Such denial is without prejudice, and Plaintiff may renew that application by submitting, within thirty days from the date of entry of this Memorandum and Order, a properly executed IFP application, and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry, reading, "Civil Case Terminated."  Such termination shall be subject to reopening in the event Plaintiff timely submits a properly executed IFP application, and no statement in the Memorandum and Order shall be construed as withdrawal of this Court's jurisdiction over this matter; and it is further

**ORDERED** that the Clerk shall serve this Memorandum and Order upon Plaintiff by regular U.S. Mail, together with a blank form, "Prisoner Applying to Proceed In Forma Pauperis In A Civil Rights Case," and a blank form "Prisoner Civil Rights Complaint."


                    s/Renée Marie Bumb
                    RENÉE MARIE BUMB
                    United States District Judge