**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| John Coffey, | : | |
| | : | Civil Action No. 15-231(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Federal Bureau of Prisons, et al., | : | |
| | : | |
| Defendants. | : | |

**BUMB**, District Judge:

This matter comes before the Court upon Plaintiff's filing of an Amended Complaint[1] and a completed IFP application. (ECF No. 7.) Plaintiff has established his inability to prepay the filing fee, pursuant to 28 U.S.C. § 1915(a)(1) and (2), and the Court will grant his IFP application.

28 U.S.C. § 1915(e)(2)(B) and § 1915A require the Court to review the complaint and dismiss the case if it finds that the action is:  (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary

---

[1] Plaintiff completed the correct form for a prisoner civil rights case but also attached a self-styled complaint to the form. The Court will treat the entire document, ECF No. 7, as the operative complaint.

1

relief against a defendant who is immune from such relief. Having completed such review, the Court will dismiss Plaintiff's claims against Defendants J.T. Shartle, Warden; J.L. Norwood, Northeast Regional Director, Harrell Watts, Central Office Appeals Coordinator; and the Federal Bureau of Prisons. Plaintiff may proceed on his claims against Dr. Ruben Morales, M. Angud and D. Basada and the United States.

## I.  BACKGROUND

Plaintiff brings this action under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671 et seq., 28 U.S.C.A. § 1346(b)(1). (Am. Compl., ECF No. 7 at 13.) Plaintiff alleged the following in his Amended Complaint. While he was in federal pre-trial custody in 2012, his right eye was surgically removed due to a prior injury. (Am. Compl., ¶ 6.) He was told he would be given a prosthetic eye. (Id.) He was also provided an egg-crate mattress topper to relieve chronic back pain from underlying degenerative arthritis. (Id. and ECF No. 7 at 19.)

Once Plaintiff arrived at FCI Fairton in 2013, he asked his primary care provider, Dr. Ruben Morales, for a prosthetic eye and an egg-crate mattress topper. (Am. Compl. ¶ 6, and ECF No. 7 at 13, 18-19.) Dr. Morales denied the request. (Am. Compl. ¶ 6.) Plaintiff sought treatment from M. Angud and D. Basada, who were

mid-level medical practitioners, and they denied his requests. (Id.)

Plaintiff then turned to the prison's administrative remedy program and filed grievances about his medical treatment. His requests for relief were denied by Defendant J.T. Shartle, Warden; Defendant J.T. Norwood, BOP Regional Director, Northeast Region; and Defendant Harrell Watts, Central Office Appeals Coordinator. (Id.) Plaintiff also sued the United States under the Federal Tort Claims Act. (ECF No. 7 at 13.)

Plaintiff alleged each defendant was deliberately indifferent to his medical issues, and as a result his eye socket shrunk dramatically, and his back will require surgery. (Id.) He suffers ongoing continuous pain and disfigurement as a result of the denial of medical treatment. (ECF No. 7 at 17, 20.) Plaintiff further alleged that another inmate had his eye removed for reasons similar to those of Plaintiff, and he was provided a prosthetic eye. (Id.) And yet another similarly situated inmate was provided a foam egg-crate mattress topper for chronic back pain, while Plaintiff was denied the same. (ECF No. 7 at 18-19.)

II. DISCUSSION

A. Sovereign Immunity from Bivens' claims

The Federal Bureau of Prisons and the Unites States have sovereign immunity against suit in a Bivens action. Perez-Barron

3

v. United States, 480 F. App'x 688, 691 (3d Cir. 2012). Insofar as the Amended Complaint might be construed to contain Bivens' claims against the United States and the Federal Bureau of Prisons, those claims are dismissed with prejudice.

    **B.    Personal Involvement of Defendants in a Constitutional Violation**

To state an inadequate medical care claim under the Eighth Amendment's proscription against cruel and unusual punishment, an inmate must allege facts showing that each defendant's conduct constituted "unnecessary and wanton infliction of pain" or that each defendant was deliberately indifferent to the inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A medical need is "serious," in satisfaction of the second prong of the Estelle test, if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)(quoting Pace v. Fauver, 479 F.Supp. 456, 458 (D.N.J. 1979), aff'd, 649 F.3d 860 (3d Cir. 1981)).

Denial of or delay in treatment that causes unnecessary or wanton infliction of pain may also constitute a serious medical need. Id. (citing Estelle, 429 U.S. at 103). "In addition, where denial or delay causes an inmate to suffer a life-long handicap

4

or permanent loss, the medical need is considered serious." Id. (citations omitted); Andrews v. Camden County, 95 F.Supp.2d 217, 227 (D.N.J. 2000)(same); Price v. Corr. Med. Serv., 493 F.Supp.2d 740, 745 (D.Del. 2007)(same). Negligence does not rise to the level of a constitutional violation. Estelle, 429 U.S. at 106.

Petitioner alleged Dr. Morales was his primary care doctor at FCI Fairton, and M. Angud and D. Basada were mid-level medical practitioners, all of whom Plaintiff saw one-on-one for treatment. Plaintiff alleged these defendants denied his requests for a prosthetic eye and for an egg-crate mattress topper, and thus were deliberately indifferent to Plaintiff's need for treatment that was prescribed by another medical professional before Plaintiff was transferred to FCI Fairton.

As a result of the indifference to his serious medical needs, Plaintiff alleged his eye socket shriveled and is permanently disfigured, and his degenerative arthritis in his spine has worsened to the point where he now requires surgery for constant pain. These allegations, taken as true for purposes of screening, are sufficient for Plaintiff to proceed against these defendants.

    **C.   Respondeat Superior Liability Under Bivens**

Plaintiff has also sued non-medical prison officials for violation of the Fifth and Eighth Amendments. There is no

5

respondeat superior liability under Bivens for a constitutional violation.  Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).

Filing a grievance with a prison official about alleged deliberate indifference to a serious medical need is not sufficient to show the actual knowledge necessary for personal involvement in a constitutional violation. Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988). Similarly, participation in after-the-fact review of a grievance is not enough to establish personal involvement. See e.g., Brooks v. Beard, 167 F. App'x. 923, 925 (3d Cir. 2006)(per curiam)(allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). For these reasons, claims against Defendants Shartle, Norwood, and Watts will be dismissed. The claims will be dismissed without prejudice, permitting Plaintiff to seek leave to amend the complaint if he can allege other facts to establish personal involvement of these defendants in a constitutional violation.

6

**D.     Equal Protection Claims**

An equal protection claim may be brought "by a 'class of one,' where the plaintiff alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)(citing Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923); Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty., 488 U.S. 336, 109 S.Ct. 633, 102 L.Ed.2d 688 (1989)." Here, however, Plaintiff has only generally pled that other inmates with similar conditions were provided a prosthetic eye and an egg-crate mattress. Plaintiff failed to allege which defendant intentionally provided more favorable treatment to the similarly situated inmates or that there was no rational basis for the less favorable treatment provided to Plaintiff.

The Court will not simply assume, without any factual allegations, that there was no rational basis for the difference in medical treatment provided to Plaintiff and other inmates. There are many possible reasons why persons with similar injuries might be prescribed differing treatment. Because these deficiencies in the pleading might be corrected by allegations of additional facts, the equal protection claims will be dismissed without prejudice.

**E.    FTCA Claims**

Plaintiff alleged liability of the Federal Bureau of Prisons and the United States for violation of the Federal Tort Claims Act for the negligence of its employees, and asserted he has complied with all prerequisites to a suit under the FTCA. (ECF No. 7 at 14-15.)

> Under the FTCA, federal prisoners may recover damages from the United States for injury sustained during confinement as a result of the negligent or wrongful act or omission by any Government employee, acting within the scope of his employment, under circumstances where a private person would be liable under the law of the place where the act or omission occurred.

Perez-Barron v. U.S., 480 F. App'x 688, 691 (3d Cir. 2012) (citing 28 U.S.C. §§ 1346(b), 2674.) A plaintiff may sue only the United States under the FTCA, and the plaintiff must first present the claims to a federal agency and receive a final decision before filing a lawsuit. 28 U.S.C. §§ 1346(b), 2675(a); McNeil v. United States, 508 U.S. 106, 111 (1993).

Assuming Plaintiff met the prerequisites for filing suit under the FTCA, Plaintiff may proceed against the United States as a defendant. However, the Court will dismiss claims against the Federal Bureau of Prisons with prejudice. See Prather v. Atty Gen. of U.S., 443 F. App'x 766, 767 (3d Cir. 2011)(finding district court properly dismissed FTCA claims against the Department of Justice because the FTCA permits suit against the

United States "not a federal agency or a federal official thereof.")

### III. CONCLUSION

Plaintiff's IFP application will be granted. His equal protection claims under the Fifth Amendment will be dismissed without prejudice. Plaintiff's Eighth Amendment claims against Defendants Morales, Angud and Basada will be allowed to proceed. His Eighth Amendment claims against Defendants Shartle, Norwood and Watts will be dismissed without prejudice. Plaintiff's FTCA claims will be dismissed with prejudice as to all defendants except the United States. Assuming Plaintiff met the prerequisites for bringing an FTCA claim in federal court, Plaintiff will be allowed to proceed against the United States as a defendant.

                                               s/Renée Marie Bumb
                                               RENÉE MARIE BUMB
                                               United States District Judge

Dated: May 11, 2015